1  McGREGOR W. SCOTT
   United States Attorney

**FILED**

2  MICHELLE RODRIGUEZ
   Assistant U.S. Attorney

MAY - 8 2009

3  501 I Street, Suite 10-100
   Sacramento, California  95814

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

4  Telephone: (916) 554-2700

BY _____
        DEPUTY CLERK

5

6  .

7

8                 IN THE UNITED STATES DISTRICT COURT FOR THE

9                       EASTERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,              )    SW NO.  09-066-efb
                      Plaintiff,          )
11      v.                                )
                                          )    MOTION FOR EXTENSION OF TIME
12 JERALD PETER DSOUZA,                   )    TO FILE SEARCH WARRANT RETURN,
                      Defendant.          )    DECLARATION OF FBI SA REGAN,
13 _____       )    AND (proposed) ORDER

14                                   **MOTION**

15      HEREBY, the United States moves that this Court enter an order

16 extending the time to file a return (re seized digital storage

17 devices) in the above referenced search warrant.  This motion is

18 supported by the accompanying declaration of FBI Special Agent Sean

19 Regan.

20 DATED: May 8, 2009              LAWRENCE G. BROWN
                                   Acting U.S. Attorney
21                                      s/Michelle Rodriguez

22                                 By_____
                                   MICHELLE RODRIGUEZ
23                                 Assistant U.S. Attorney

                                    **ORDER**

24      The United States' motion for an order extending the time to

25 file the return (re seized digital storage devices) in the above

26 referenced search warrant is GRANTED.  The search warrant return is

27 now due filed with this Court on or before June 26, 2009.

28 DATED:  _May 8, 2009_          _____
                                   HON. DALE A. DROZD
                                   U.S. Magistrate Court Judge

# DECLARATION

1. I, Sean P. Regan, am a Special Agent of the Federal Bureau of Investigation (FBI). I have been so employed since October of 2007. I am an investigative or law enforcement officer of the Unites States. Prior to my employment with the FBI I was a member of the Pennsylvania State Police for over 12 years. For more than 8 of those years I was an investigator for the Pennsylvania State Police. I am currently assigned to the South Lake Tahoe Resident Agency where I investigate a variety of criminal violations, including Sexual Exploitation of Children (SEOC) and Transportation for Illegal Sexual Activity and Related Crimes.

2. I am currently assisting in a criminal investigation regarding the attempt to coerce and entice, a 13 year old female, to engage in any sexual activity for which any person can be charged with a criminal offense, which is in violation of Title 18, United States Code, Section 2422(b).

3. I am aware that Jerald Peter Dsouza, on February 12, 2009, was charged by complaint for a violation 18 USC 2422(b). On March 2, 2009, a search warrant was issued in connection with the investigation concerning Dsouza. (Copy attached hereto). On March 19, 2009, Dsouza was charged by indictment for a violation 18 USC 2422(b).

4. I am aware that the March 2, 2009 search warrant authorized search and seizure, including subsequent examination by specially trained FBI personnel, of the following digital storage devices: (A) at the FBI Evidence Control Room, 4500 Orange Grove Ave, Sacramento, California (1) Toshiba Laptop (SN 65530663G), (2) Garmin StreetPilot c580 (SN 142034992), (3) Compaq Presario CPU (SN CNH6310670), and (4) a DVD labeled "wet teens", and (B) in a container bearing Dsouza's name in the Small Booking Property Room of the Wayne Brown Correctional Facility, 925 Maidu Ave, Nevada City, California (1) a grey Verizon Motorola cellular telephone, model E815.

5. The search warrant affidavit set forth that the examination process for the above referenced digital storage devices can take weeks or months, depending on the volume of data stored, and is impractical to achieve on site. Accordingly, in issuing the search warrant, this Court authorized a 60 day period from the date of execution to complete the search and make a secondary return (re whether evidence had been located on in the digital storage devices). Presently, the secondary return is due filed with this Court on May 11, 2009 (60 days from execution on March 11, 2009).

6. On March 11, 2009 (within 10 days), I made a primary return of the search warrant. (Copy attached hereto). By this primary return, I declared that the items had been seized.Thereafter, I am aware that the items were forwarded for examination by specialized FBI personnel.

///

1

1        7.  At the FBI, there are a limited number of specially
trained digital storage device examiners.  I am aware that all of
2 these examiners were diverted onto urgent investigations within the
last 60 days, including regarding the disappearance of an 8 year
3 old female and a subsequent murder investigation.  Nevertheless,
the examiners diligently attempted to complete search of the above
4 referenced digital storage devices.  However, to date, the search
is incomplete.  The examiners have requested until June 26, 2009 to
5 complete the search.

6        8.  Accordingly, for good cause, I request that the date for
the secondary return on the search warrant be continued to on or
7 before June 26, 2009.

8        9.  I declare under the penalties of perjury that foregoing is
true and correct to the best of my knowledge.  Executed this 8th
9 day of May 2009.

10
                              SEAN P. REGAN
11                            Special Agent
                              Federal Bureau of Investigation
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  2

# United States District Court

## EASTERN DISTRICT OF CALIFORNIA

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**

In the Matter of the Search of:
(A) (1) Toshiba Laptop (SN 65530663G), (2) Garmin StreetPilot c580(SN 142034992), (3) Compaq Presario CPU (SN.CNH6310670), and (4) a DVD labeled "wet teens", at the FBI Evidence Control Room, 4500 Orange Grove Ave, Sacramento, California ; and (B)(1) a grey Verizon Motorola cellular telephone, model E815, in a container bearing the name of Jerald P. Dsouza in the Small Booking Property Room of the Wayne Brown Correctional Facility, 925 Maidu Ave, Nevada City, Californiaand other property as more fully described in Attachment A, fully incorporated herein.

**FILED**

MAR 0 2 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORN

Case No.

2:09 - SW - 0066 EFB

I, ___Sean P. Regan___, being duly sworn depose and say that I am a _Special Agent, Federal Bureau of Investigation___ and I have reason to believe that ___ on the person of and X on the premises known as (name, description and/or location)

(A) At the FBI Evidence Control Room, 4500 Orange Grove Avenue, Sacramento, California ;
(1) Toshiba Laptop (SN 65530663G), (2) Garmin StreetPilot c580 (SN 142034992), (3) Compaq Presario CPU (SN CNH6310670), and (4) a DVD labeled "wet teens", and

(B) In the Small Booking Property Room of the Wayne Brown Correctional Facility, 925 Maidu Ave, Nevada City, California; (1) a grey Verizon Motorola cellular telephone, model E815, in a container bearing the name of Jerald P. Dsouza,

and other property as more fully described in Attachment A, fully incorporated herein,

in the ___EASTERN___ District of ___CALIFORNIA___
there is now concealed a certain person or property, namely (describe the person or property)

See Attachment B, attached hereto and incorporated herein,

which is (give alleged grounds for search and seizure under Rule 41(b) of the Federal Rules of Criminal Procedure) in violation of Title ___18___ United States Code, Section(s) ___2422(b)___.
The facts to support the issuance of a Search Warrant are as follows:

See attached Affidavit, attached hereto and incorporated herein

Continued on the attached sheet and made a part hereof. __X__ Yes _____ No

_____
Signature of Affiant

Sworn to before me, and subscribed in my presence
_____ at ___Sacramento, CA___
Date                              City and State

**HON. EDMUND F. BRENNAN**
**United States Magistrate Judge**

_____
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

1.  I, Sean P. Regan, am a Special Agent of the Federal
Bureau of Investigation (FBI). I have been so employed since
October of 2007. I am an investigative or law enforcement officer
of the Unites States. Prior to my employment with the FBI I was a
member of the Pennsylvania State Police for over 12 years. For
more than 8 of those years I was an investigator for the
Pennsylvania State Police. I am currently assigned to the South
Lake Tahoe Resident Agency where I investigate a variety of
criminal violations, including Sexual Exploitation of Children
(SEOC) and Transportation for Illegal Sexual Activity and Related
Crimes.

2.  As a federal agent, I am authorized to investigate
violations of the laws of the United States and to execute
warrants issued under the authority of the United States.  I am
currently assisting in a criminal investigation regarding the
attempt to coerce and entice, a 13 year old female, to engage in
any sexual activity for which any person can be charged with a
criminal offense, which is in violation of Title 18, United
States Code, Section 2422(b).  I am aware that Jerald Peter
Dsouza, date of birth 8/1/59, was charged for a violation 18 USC
2422(b) by criminal complaint (on 2/12/09) issued in the EDCA by
US Magistrate Judge Mueller. This affidavit is made in support
of a search warrant for the following items belonging to and or
in the constructive possession and use of Dsouza: (A) at the FBI
Evidence Control Room, 4500 Orange Grove Ave, Sacramento,
California (1) Toshiba Laptop (SN 65530663G), (2) Garmin
StreetPilot c580 (SN 142034992), (3) Compaq Presario CPU (SN
CNH6310670), and (4) a DVD labeled "wet teens", and (B) in a
container bearing Dsouza's name in the Small Booking Property
Room of the Wayne Brown Correctional Facility, 925 Maidu Ave,
Nevada City, California (1) a grey Verizon Motorola cellular
telephone, model E815.

3.  The statements contained in this affidavit are based on
my own investigation, as well as information provided by other
law enforcement officers. In particular, FBI Special Agent
Christopher Campion has provided substantial information based on
his training and experience. Special Agent Campion has been an
FBI Special Agent for nineteen years and has worked a variety of
investigations. He has investigated several coercion and
enticement ("Traveler") cases. In addition, he has received
significant training in violent and sexual crimes from the
National Center for the Analysis of Violent Crime (NVAVC) and is
a field coordinator for that program in Sacramento.

4.  I am aware that under 18 USC 2422(b) it is a federal
crime for Dsouza to use facilities and means of interstate or
foreign commerce, to knowingly attempt to persuade, induce, and
entice an individual whom he believed had not attained the age of
18 years to engage in sexual activity for which any person could
be charged with a criminal offense, including under California
Penal Code sections 288(a), 288.2(a).

1

confidential informant (located in El Dorado County, California) utilizing the screen name 'shy_aimee' was on the Internet in a Yahoo! chat room posing as a 13 year old girl. I am aware that all incoming and outgoing Internet transmissions of 'shy_aimee' travel through an Internet server outside the state of California. Age appropriate photographs and other indicators of her age were posted in 'shy_aimee's' Yahoo profile and on a MySpace account. An individual using the screen name 'peter2033' established private chat with her on 12/28/2008. Within a short period of time, 'peter2033' began sexually explicit conversation with 'shy_aimee.' The following is an example of this sexually explicit conversation on December 28, 2008: 'peter2033' wrote, "I also love to kiss girls clit... and lick pussy." After seeking assurances that 'shy_aimee' would not tell anyone about their communications, 'peter2033' wrote "if possible after we know better i will try to meet u some time and then we can have real sex."

6. In the ensuing weeks, 'peter2033' continued almost daily chat sessions with 'shy_aimee.' 'Peter2033' described numerous sexual acts that he wished to perform with 'shy_aimee', a girl whom he believed was 13 years old. 'Peter2033' regularly made reference to her age and the legal ramifications of a sexual relationship. Specifically, on 12/29/2008, he wrote, "u know I have more danger than u because ur under 18....so I have to be more careful." 'Peter 2033' went on to ask 'shy_aimee' "so now ur in middleschool?" to which she replied, "ya." He cautioned her to not tell anyone about their communications.[1]  'Peter2033' suggested he would travel to Truckee, California, on a weekend to meet 'shy_aimee' to engage in sexual activity, which he described in extensive detail. He inquired about her menstrual cycle to plan which date he should arrange a motel in Truckee. Specifically, 'peter2033' asked, "since how long ur having periods?....do you write down the dates?...it is good practice to write on ur calender...so that if u wanna enjoy sex u know when u dont get pregnent...how r ur periods?...r they regular?... ...every 28 days?...or every 30 days?" When 'shy_aimee' responded "every 28 days" 'peter2033' wrote, "so if the period stops on the first of the month, then u can have sex without safety after 17th...so if u really mark ur calender then u r always sure...when u can enjoy sex...asl [also] based on ur dates we can make plan to meet." 'Peter2033' suggested meeting

___

[1] During electronic communications with 'shy_aimee', Dsouza provided his cellular telephone number (925 705-1667). Dsouza encouraged 'shy_aimee' to telephonically contact him on said cellular telephone. During the course of the investigation, law enforcement determined that the subscriber to cellular telephone number (925 705-1667) was Jerald P. Dsouza, 8905 San Ramon Road, Dublin, California. The service provider for Dsouza's cellular telephone (number 925 705-1667) was Verizon Wireless.

2

'shy_aimee' in furtherance on 11/31/2009. To be to law enforcement planning requirements, 'shy_aimee' postponed the meeting to 01/31/2009 and then again to 02/07/2009.

7. Personal information provided by 'peter2033' during numerous chats included his MySpace account stating his name was Jerald, his birthday being August 1st, his birthplace being India, his age being 49, his residence being near Dublin, California, his height being 5'3", and his cell phone number which was provided to 'shy_aimee' in order for her to call him. Law enforcement identified Jerald Peter Dsouza, date of birth August 1, 1059, Dublin, California, as the possible true identity for 'peter2033.' Based on training, experience, and common sense, law enforcement confirmed this identification by comparing a California DMV photograph of Dsouza with a printed still image from a webcam transmission 'peter2033' initiated with the FBI confidential informant.

8. On 02/07/2009, law enforcement arrested Jerald Peter Dsouza[2] after he arrived at a predetermined meeting location in Truckee to have sex with 'shy_aimee'. A youthful appearing female FBI agent acted as a 'decoy' portraying 'shy_aimee'. Dsouza walked toward the female FBI Special Agent and said, "Aimee." The female agent acknowledged Dsouza. Dsouza then instructed the female agent to come with him and started walking toward his vehicle. Dsouza was taken into custody at that time. Following his arrest, Dsouza was Mirandized, verbally, at the scene. Dsouza gave consent to search his silver Toyota Camry which was approximately ten feet from where Dsouza was taken into custody. Dsouza was transported to the Truckee Police Department where he waived his Miranda rights in writing and provided written consent to search his vehicle and computers.

9. Dsouza's Toyota Camry was searched by investigators on February 7, 2009. During the course of the search the following items were seized: the Toshiba Laptop (SN 65530663G) computer (with power cord and mouse), the DVD (titled "Wet Teens"), a 10 pack of Kama Sutra condoms, 2 cans of Coke, 1 can of Sprite, a rose, a Microsoft Webcam, a bottle of Creme Sherry, clothing (t-shirt, shorts, and undershorts), a crystal with stand, a handwritten note indicating address for meeting 'shy_aimee'(12036 Donner Pass Road, Truckee, CA 96161), a parenting pamphlet, handwritten directions to Redwood City, California, 3 small bottles of water, a receipt to a Comfort Inn in Santa Cruz, California (dated 11/24/07), seven pages of Yahoo driving directions (to locations in San Francisco, Cypress, Santa Cruz, and San Ramon, California), and the Garmin StreetPilot c580 (SN 142034992) (with power cord). The items seized from Dsouza's Toyota Camry are currently secured at the FBI Evidence Control Room, 4500 Orange Grove Ave, Sacramento, California.

---

[2] At the time of his arrest, Dsouza possessed a cellular telephone, described as a grey Verizon Motorola cellular telephone, model E815.

3

Dublin, California to Truckee, California for the purpose of meeting a 13 year old female for sexually explicit conduct. Dsouza admitted to utilizing the screen name 'Peter2033' and to engaging in sexually explicit instant messaging with 'shy_aimee', whom he believed to be a 13 year old female. Dsouza confessed that he intended to meet 'Aimee' in Truckee, California and drive her to a hotel, or motel, in order to have sex with her. Dsouza said that initially he and 'Aimee' agreed to meet in Reno, Nevada. Dsouza stated that he and 'Aimee' later agreed to go to the Boomtown Hotel and Casino in Nevada. Dsouza told investigators he even researched this location on his computer (later identified as the Compaq Presario CPU (SN CNH6310670) at his home (8905 San Ramon Road, Dublin, California).³ Dsouza confessed that, ultimately, he and 'Aimee' changed the meet location and agreed to meet in Truckee, California. I am aware that Dsouza's statements are corroborated through instant messaging chats between 'peter2033' and 'shy_aimee'.

11. During the interview, investigators showed Dsouza several of the chat logs between 'peter2033' and 'shy_aimee.' Dsouza confirmed that he was 'peter2033' and he stated that he remembered those specific chats with 'shy_aimee.' Dsouza said the chat logs were accurate. Investigators reviewed several of the sexually explicit chat logs with Dsouza -- line by line -- including descriptions of vaginal, oral, and anal sex. Dsouza was observed and heard by law enforcement as he read along. Dsouza told investigators the chat logs he was reading were accurate and he went on to clarify that the described acts (descriptions of vaginal, oral, and anal sex) were the acts he wanted to engage in with 'Aimee'. Investigators asked Dsouza if he would have had sex with 'Aimee' after he picked her up on this date. Dsouza said he would have if she was willing to have sex with him. When investigators asked Dsouza why he was concerned with 'Aimee's' menstrual cycle he said it was so she didn't get pregnant. Dsouza said his plan was to eventually marry 'Aimee' after his wife passed away and 'Aimee' turned 18 years old. When investigators asked Dsouza about other girls he had met online and then met, or attempted to meet, in person he told investigators about several women he met online. Dsouza told investigators about a 13 year old female named "Mika" (phonetic) he was to meet with at the end of February. He said he has been chatting online with Mika about his plans to travel to Redding, California so he can meet her for sex. He knew Mika previously lived in Oregon but now lives in Redding with a foster family. Dsouza provided investigators with Mika's cellular telephone number.

---

³ Dsouza gave written consent for the search of his Compaq Presario desktop home computer. Based on his consent, law enforcement took custody of the computer. The Compaq Presario CPU (SN CNH6310670) is presently located in the FBI Sacramento Evidence Control Room.

4

during the course of the interview, Dsouza confirmed to
investigators that he gave 'Aimee' his cellular telephone number
(previously identified as 925 705 1667). Dsouza also told
investigators that he gave his cellular telephone number
(referring to 925 705 1667) to Mika and that he has had
conversations with Mika on his cellular telephone. Dsouza stated
that the telephone number for the cellular telephone seized from
his person (previously described as a grey Verizon Motorola
cellular telephone, model E815) was 925 705 1667. Dsouza's
cellular telephone is presently secured in a container bearing
Dsouza's name in the Small Booking Property Room of the Wayne
Brown Correctional Facility, 925 Maidu Ave, Nevada City,
California.

13. Dsouza told investigators there was a Toshiba laptop
computer (previously identified as bearing SN 65530663G) in his
vehicle which he and his juvenile daughter both utilize. He also
said there was a DVD (previously identified as the DVD labeled
"wet teens") in his vehicle which contained pornography. He said
he brought the laptop computer (bearing SN 65530663G) in order to
be able to play the DVD (labeled "wet teens") for 'Aimee' while
they were together. Dsouza said there was a pack of condoms in
his bag inside the Camry. He also said there was a webcam in his
vehicle, which he purchased for 'Aimee' at the Fry's Store close
to his residence in Dublin, California. Dsouza told
investigators there were cans of Coke in his vehicle which he
brought for 'Aimee.' He said he knew how to get to the
predetermined meet location in Truckee because he researched it
online and found the address. He wrote the address on an
envelope and he described where the torn piece of envelope was
currently located in his vehicle. He went on to say that he put
the address for the predetermined meet location into his GPS
(previously identified as Garmin StreetPilot c580 SN 142034992)
and was able to find the location by using the GPS (SN 142034992)
in his vehicle. I am aware that Garmin GPS technology utilizes
satellite transmissions to and from the state of California in
order to provide users with directions and or positioning.

14. Dsouza was charged in the Superior Court of the State
of California, in the County of Nevada, on February 10, 2008 with
felonies related to attempted lewd conduct with a child (CPC
288(a)).

15. I have consulted with FBI Information Technology
Specialist (ITS) and Computer Forensic Examiner (FE) Alan Russell
Schmidt, who has been a Forensic Examiner since 2006. FE Schmidt
is specially trained in computer search and seizure and is
certified by the FBI as a member of the FBI Computer Analysis
Response Team (CART). FE Schmidt has been a member of CART since
2005 and has conducted numerous searches and seizures involving
computers and computer data.

5

experience and training, and based on common sense, I am aware of the following.

(a) Computer hardware, software, documentation, passwords, cellular telephones, global positioning systems (GPS devices), DVDs, and data security devices may be instrumentalities, fruits, and evidence of crime and they may be used to collect and store information about crimes (in the form of electronic data).

(b) Searching and seizing information from computers and electronic storage devices requires all associated electronic devices to be examined (along with related peripherals) by a qualified computer expert in a laboratory or controlled environment. This is true because computer and electronic storage devices can store the equivalent of thousands of pages of information and thousands of images. Additionally, a suspect may try to conceal evidence; he may also store it in random order with deceptive file names. This requires searching authorities to examine ALL the stored data to determine which particular files are evidence or instrumentalities of crime. This sorting process can take weeks or months, depending on the volume of data stored, and often it would be impractical to attempt this kind of search on site.

(c) Laboratory analysis by a qualified computer specialist is required in order to properly retrieve and analyze electronically stored data, document and authenticate the data, and prevent the loss of the data either from accidental or deliberate programmed destruction. In many cases, the evidentiary data can be backed up to government owned computer data storage devices at the site of the search. However, there are circumstances that may necessitate the seizure and removal of the entire computer system, electronic storage devices, and peripheral devices to a secure laboratory setting in order to analyze and extract the evidence.

(d) To effect accurate and complete analysis may require seizure of all computer equipment and peripherals which may be interdependent, the software to operate the computer system, data security devices (including passwords) and related instruction manuals which contain directions concerning the operation of the computer system and software programs. This is true because the peripheral devices which allow users to enter or retrieve data from the storage devices vary widely in their compatibility with other hardware and software. Many system storage devices require particular input/output devices in order to read the data on the system. Also, many storage devices (e.g. cellular phones) require particular charging devices in order to power or recharge the system. It is important that the computer

6

now
operates in order to accurately retrieve the evidence. It
is also important that the computer expert be able to
utilize a charging device to power or recharge the system.

(e)  In addition, the computer expert may need the relevant
system software (operating systems, interfaces, and hardware
drivers) and any application software which may have been
used to create the data (whether stored on hard drives or on
external media), as well as all related instruction manuals
or other documentation and data security devices.

(f)  The terms "records," "documents," and "materials" include
electronically stored digital information in whatever form
and by whatever means they may have been created and stored.
This includes any scanned, handmade, photographic,
mechanical, electrical, electronic, and magnetic forms. It
also includes items in the form of computer hardware,
software, documentation, passwords, and/or data security
devices.

17.  I am aware that computers can store data to include
electronic files, electronic documents, digital records, digital
pictures, image files, audio files, digital movies, instant
messages, text messages, appointments (datebooks), specific
information about the computer itself, deleted files, records of
Internet sites visited, including records of sites visited to
research specific directions, GPS coordinates, e-mail, passwords,
and other electronically stored records, documents and materials.

18.  I am aware that individuals engaged in the sexual
exploitation of minors use computers, such as the Toshiba Laptop
Computer and the Presario Desktop CPU, as tools to facilitate
contact with minors. This contact is often in the form of chats,
instant messages, and e-mails. These individuals sometimes use
webcams to show themselves to the minors and encourage the minor
to do the same. This can lead to sexual exploitation of the
minor through the webcam contacts. Based on Dsouza's own
admissions I know that he used instant messaging to communicate
with 'Aimee' and said he usually utilized the e-mail provider
Yahoo! for these contacts. Dsouza said he used his home
computer, which he described as a Compaq Presario, to communicate
with 'Aimee' and that he also had a webcam hooked up to his home
computer. He used the webcam to send images of himself to
'Aimee'. When he was shown an image of himself (which he had
provide to 'Aimee') by investigators he related it was a picture
of him at his house and went on to say that the image was not
taken by a laptop, but in fact by his desktop (Compaq Presario
CPU (SN CNH6310670)) computer. He clarified this by saying his
laptop does not have a webcam. Dsouza also said he had a picture
of 'Aimee' (his intended victim), from her Myspace, on his
computer. He further clarified that this picture of 'Aimee' was
not on his laptop computer.

7

data to include incoming outgoing telephone calls, voice
messages, text messages and instant messages, contacts (address
books), image files (pictures), appointments (datebooks), the
number of the cellular telephone itself, audio recordings, video
recordings, GPS information, and other electronically stored
records, documents and materials. Based on my training and
experience and the training and experience of other law
enforcement personnel, and based on Dsouza's admissions, there is
reason to believe that evidence may be stored on Dsouza's grey
Verizon Motorola cellular telephone, model E815, including but
not limited to, a record of Dsouza's contacts with Mika (another
intended minor victim), as well as the contact information for
Mika.

     20.  I am aware that individuals engaged in the sexual
exploitation (abuse) of minors use cellular telephones as tools
of their illegal activity.  Based on the previous chat logs
between Dsouza and 'Aimee' (his intended minor victim) I know
that Dsouza encouraged 'Aimee' to get and utilize a cellular
telephone to contact him.  Dsouza also provided 'Aimee' with his
cellular telephone number.  Based on my training and experience
and the training and experience of other law enforcement
personnel, as well as common sense, I know that someone
attempting to coerce and entice a minor victim to engage in
sexual activity for which any person could be charged with a
criminal offense, would want the individual to utilize a cellular
telephone in order to keep telephone contacts with this juvenile
individual concealed from parents, guardians, other adults, and
family members.  They will often encourage their intended minor
victim to keep their contacts secret in order to further hide
their contacts, communications, and relationship.  Dsouza engaged
in this type of behavior with 'Aimee' and encouraged her to keep
their communications secret.  Based on this above information, as
well as Dsouza's own admissions, there is reason to believe that
evidence may be stored on Dsouza's grey Verizon Motorola cellular
telephone, model E815.

     21.  I am aware that DVDs can store data to include movies,
video, digital pictures, digital images, and other electronically
stored records.  Based on Dsouza's own admissions I know that he
brought a DVD, containing pornography, to the prearranged meet
location with 'Aimee' (his intended minor victim) and that he
planned on playing that pornographic DVD for 'Aimee' (utilizing
the Toshiba Laptop).  Based on the chat logs between Dsouza and
'Aimee', as well as Dsouza's own admissions, I know Dsouza
encouraged 'Aimee' to watch pornographic material during
communications he had with her on his computer.  Based on my
training and experience and the training and experience of other
law enforcement personnel, and based on common sense, I know that
someone attempting to coerce and entice a minor victim to engage
in sexual activity for which any person could be charged with a
criminal offense, will often encourage the minor to watch
pornographic material or engage in obscene on-line chats in order

8

explicit activity and communications and to make the minor
comfortable with the obscene communications or activity.
Therefore, the minor is led to believe this sexual activity is
acceptable or normal and not illegal or extreme. This approach
can be used in order to lower the minor victim's guard in an
attempt to make the minor feel comfortable with the sexual
exploitation.

22. I am also aware that DVDs can contain digital
information not specifically labeled on the DVD. Individuals
engaged in the exploitation of minors will often use DVD's as
tools of their illegal activity and will often hide any
pornographic digital images or video of minors by mislabeling
digital containers, to include DVD's, digital movies, digital
files, jump drives or any other digital container capable of
storing digital images. This masking is done to deceive law
enforcement and others, in an attempt to hide the illegal
activity. A DVD bearing what appears to be a factory label ("wet
teens") could be mislabeled in order to conceal illegal images of
the sexual exploitation of minors. Based on Dsouza's own
admissions he was going to play the DVD, which he related
contained pornography, for 'Aimee' and was going to use the
Toshiba Laptop computer to facilitate 'Aimee' viewing the
pornographic material. Therefore, Dsouza brought both the
Toshiba Laptop and the DVD ("wet teens") to the prearranged meet
location in furtherance of violating 18 USC, section 2422(b).

23. I am also aware that Dsouza used his Garmin
StreetPiolot C580 (GPS) as a tool to direct him to a location
where he had prearranged to meet a 13 year old female in order to
engage in illicit sexual activity. Dsouza confirmed for
investigators that he researched the Truckee, California meet
location on-line using either Google or Yahoo!, and he inputted
the location of this prearranged meet into the Garmin GPS C580.
He also told investigators that this GPS device was located in
his Toyota Camry and the address he entered into the GPS was
written on a torn piece of envelope, which was also still located
in his Toyota Camry. Therefore, Dsouza used this Garmin GPS
device to assist him in violating 18 USC, section 2422(b).

24. Dsouza also told investigators that he arranged to meet
another 13 year old female named Mika at the end of February. In
his quest to meet Mika in person he said he researched the area
of Redding, California, on either Google or Yahoo!, looking for
directions and distance to Redding. Therefore, there is reason
to believe Dsouza entered Mika's area of residence into the
Garmin StreetPilot C580 device. Since Dsouza used the Garmin
StreetPilot C580 in furtherance of this violation of 18 USC,
section 2422(b), evidence (coordinates or locations) of other
intended minor victims may be stored in the Garmin StreetPilot
C580 device.

25. The examination process for the digital storage devices,

9

including the Toshiba Laptop (SN 65530663G), the Garmin
StreetPilot c580 (SN 142034992), the Compaq Presario CPU (SN
CNH6310670), the DVD labeled "wet teens", and the Verizon
Motorola cellular telephone, model E815, can take weeks or
months, depending on the volume of data stored, and is
impractical to achieve on site. As such I request 60 days from
the date of the execution of this search warrant to complete a
search of all digital storage, images, recordings, and stored
video.

26. Based on the foregoing, I respectfully submit that
there is probable cause to issue a search warrant for (A) at the
FBI Evidence Control Room, 4500 Orange Grove Ave, Sacramento,
California (1) Toshiba Laptop (SN 65530663G), (2) Garmin
StreetPilot c580 (SN 142034992), (3) Compaq Presario CPU (SN
CNH6310670), and (4) a DVD labeled "wet teens", and (B) in a
container bearing Dsouza's name in the Small Booking Property
Room of the Wayne Brown Correctional Facility, 925 Maidu Ave,
Nevada City, California (1) a grey Verizon Motorola cellular
telephone, model E815, all as more particularly described herein
and in Attachment A hereto, fully incorporated herein, to search
for evidence (records, documents, and materials), fruits, and
instrumentalities, as more particularly described herein and in
Attachment B hereto, fully incorporated herein, of violations of
18 USC 2422(b).

SEAN P. REGAN
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before
me this 2nd day of March, 2009.

HON. EDMUND F. BRENNAN
U.S. Magistrate Judge

Approved
MICHELLE RODRIGUEZ
Assistant U.S. Attorney
3/2/2009

10

## ATTACHMENT A

### PLACES AUTHORIZED FOR SEARCH

(A)  At the FBI Evidence Control Room, 4500 Orange Grove
     Ave, Sacramento, California

>       (1) Toshiba Laptop (SN 65530663G),
>       (2) Garmin StreetPilot c580 (SN 142034992),
>       (3) Compaq Presario CPU (SN CNH6310670), and
>       (4) a DVD labeled "wet teens"

(B)  In a container bearing Dsouza's name in the Small
     Booking Property Room of the Wayne Brown Correctional
     Facility, 925 Maidu Ave, Nevada City, California

>            (1) a grey Verizon Motorola cellular
>                telephone, model E815

The Items to be seized are evidence of violations of Title 18, United States Code, Section 2422 (b):

1.  Any and all images, documents, records, and correspondence, in any format and medium (including, but not limited to, e-mail messages, chat logs and electronic messages) pertaining to the possession, receipt, or distribution of sexually explicit images of minors, including any such associated with 'Mika', and child pornography as defined in 18 U.S.C. § 2256(8) and 18 U.S.C. § 2256(2) (to include actual and simulated sexually explicit images).

2.  Any and all images, documents, records, or correspondence, in any format and medium (including, but not limited to, e-mail messages, chat logs and electronic messages) of all contacts between 'peter2033' and 'shy_aimee', 'peter2033 and 'Mika', 'peter2033' and any other minor that 'peter2033' had contact.

3.  Any and all names, and lists of names and addresses of individuals who may have been contacted by the email address of 'peter2033'.

4.  Any and all documents, records, or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) concerning communications between 'peter2033' and sites on the Internet that contain sexually explicit images of minors and or child pornography or that cater to whose with an interest in sexually explicit images of minors and or child pornography.

5.  Any and all documents, records, or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) concerning membership in online groups, clubs, or services that provide or make accessible sexually explicit images of minors and or child pornography to members.

6.  Any and all records, documents, invoices and materials, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) that concern any accounts with an Internet Service Provider.

7.  Any and all documents, invoices and materials, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) that concern online storage or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user,

1

storage or remote computer storage, and user login and passwords for such online storage or remote computer storage

8.  Any and all documents, records, or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files), pertaining to use and or ownership of

> Toshiba Laptop (SN 65530663G),
> Garmin StreetPilot c580 (SN 142034992),
> Compaq Presario CPU (SN CNH6310670), and
> a DVD labeled "wet teens"
> a grey Verizon Motorola cellular phone, model E815

9.  Any and all documents, records, or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files), pertaining to the accessing, using, downloading and visiting any Internet site related to the acquisition of directions, maps, coordinates and pictures of locations associated with physical meetings with minors, including, but not limited to the Internet sites Google, Yahoo!, and Mapquest.

10. Any and all information contained in the electronic or digital memory of the grey Verizon Motorola cellular telephone model E815, including the true telephone number of said cellular telephone, stored incoming and outgoing calls, the address book, contact list, messages (including saved voicemails, text messages, e-mail and instant messages), calendar and date book, stored digital pictures and digital images, and audio and video recordings.

11. Any and all information contained in the electronic or digital memory of the Garmin StreetPilot c580 (SN 142034992), including, but not limited to any record of locations associated with 'shy-aimee' or Mika.

12. All electronic storage devices capable of storing data regarding the records listed above, including but not limited to, hard drives, CDs, DVDs, magnetic tapes and disks (floppy and hard), and the computer hardware necessary to retrieve the electronic data, including but not limited to, the central processing unit (CPU), viewing screen (monitor) and software.

13. Any and all computer software, including programs to run operating systems, applications (such as word processing, graphics, or spreadsheet programs), utilities, compilers, interpreters, and communications programs, including, but not limited to, P2P software.

2

# United States District Court

## EASTERN DISTRICT OF CALIFORNIA

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____

SEARCH WARRANT

In the Matter of the Search of
(A) (1) Toshiba Laptop (SN 65530663G), (2) Garmin StreetPilot c580(SN 142034992),
(3) Compaq Presario CPU (SN CNH6310670), and (4) a DVD labeled "wet teens", at
the FBI Evidence Control Room, 4500 Orange Grove Ave, Sacramento, California ;
and (B)(1) a grey Verizon Motorola cellular telephone, model E815, in a container
bearing the name of Jerald P. Dsouza in the Small Booking Property Room of the
Wayne Brown Correctional Facility, 925 Maidu Ave, Nevada City, Californiaand
other property as more fully described in Attachment A, fully incorporated herein.

Approved as to Middle...

2:09 - SW - 0066 EFB

TO:    **FBI SA Sean P. Regan**    and any Authorized Officer of the United States
Affidavit(s) having been made before me by ___**FBI SA Sean P. Regan**___ who has reason to
believe that ( ) on the person of or (x) on the premises known as (name, description and/or location)

> (A) At the FBI Evidence Control Room, 4500 Orange Grove Avenue, Sacramento, California ; (1) Toshiba
> Laptop (SN 65530663G), (2) Garmin StreetPilot c580 (SN 142034992),  (3) Compaq Presario CPU
> (SN CNH6310670), and (4) a DVD labeled "wet teens", and
> (B) In the Small Booking Property Room of the Wayne Brown Correctional Facility,  925 Maidu Ave,
> Nevada City, Ca; (1) a grey Verizon Motorola cellular telephone,  model E815, in a container bearing
> the name of Jerald P. Dsouza,
> and other property as more fully described in Attachment A, fully incorporated herein,

in the Eastern District of California there is now concealed a certain person or property, namely
(describe the person or property to be seized)

> the records and materials as more particularly described in the Attachment B hereto,
> which Attachment B is fully attached hereto and incorporated herein,

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person
or property so described is now concealed on the person or premises above-described and establish grounds for
the issuance of this warrant.

YOU ARE HEREBY COMMANDED TO SEARCH ON OR BEFORE    March 12 2009
                                                                              DATE

(not to exceed 10 days) the person or place named above for the person or property specified, serving this
warrant and making the search in the daytime - 6:00 A.M. - 10:00 P.M. and if the person or property be
found there to seize same, leaving a copy of this warrant and receipt for the person or property taken and
prepare a written inventory of the person or property seized and promptly

return this warrant to
as required by law.                    _____
                                        U.S. Judge or Magistrate

March 2, 2009, 3:55 pm.  at    **Sacramento, California**

Date and Time Issued              City and State

**HON. EDMUND F. BRENNAN**
**United States Magistrate Judge**

Name and Title of Judicial Officer       Signature of Judicial Officer

**RETURN**

| Date Warrant Received | Date and Time Warrant Executed | Copy of Warrant and Receipt For Items Left With |
|---|---|---|
| March 2, 2009 | March 6, 2009 and March 11, 2009 | Wayne Brown Correctional facility - officer Beth Farnsworth and Fbi Evidence Control Room Evidence Technician Susan McGlaughlin |

Inventory Made in the Presence of

SA Reginald Coleman / Evidence Technician Susan MC GLAuGHLIN

Inventory of Person or Property Taken Pursuant to the Warrant

(1) A grey Verizon Motorola Cellular telephone, Model E815

(2) Toshiba Laptop (SN# 65530663G)

(3) Garmin StreetPilot c580 (SN# 142034992)

(4) Compaq Presario CPU (SN# CNH6310670)

(5) A DVD labeled "wet teens"

**CERTIFICATION**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

SA Self Kg

Subscribed, sworn to, and returned before me this date.

U.S. Judge or Magistrate        Date  3.-11-09

## ATTACHMENT A

### PLACES AUTHORIZED FOR SEARCH

(A)   At the FBI Evidence Control Room, 4500 Orange Grove
      Ave, Sacramento, California

> (1) Toshiba Laptop (SN 65530663G),
> (2) Garmin StreetPilot c580 (SN 142034992),
> (3) Compaq Presario CPU (SN CNH6310670), and
> (4) a DVD labeled "wet teens"

(B)   In a container bearing Dsouza's name in the Small
      Booking Property Room of the Wayne Brown Correctional
      Facility, 925 Maidu Ave, Nevada City, California

> (1) a grey Verizon Motorola cellular
>     telephone, model E815

The Items to be seized are evidence of violations of Title 18, United States Code, Section 2422 (b):

1. Any and all images, documents, records, and correspondence, in any format and medium (including, but not limited to, e-mail messages, chat logs and electronic messages) pertaining to the possession, receipt, or distribution of sexually explicit images of minors, including any such associated with 'Mika', and child pornography as defined in 18 U.S.C. § 2256(8) and 18 U.S.C. § 2256(2) (to include actual and simulated sexually explicit images).

2. Any and all images, documents, records, or correspondence, in any format and medium (including, but not limited to, e-mail messages, chat logs and electronic messages) of all contacts between 'peter2033' and 'shy_aimee', 'peter2033 and 'Mika', 'peter2033' and any other minor that 'peter2033' had contact.

3. Any and all names, and lists of names and addresses of individuals who may have been contacted by the email address of 'peter2033'.

4. Any and all documents, records, or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) concerning communications between 'peter2033' and sites on the Internet that contain sexually explicit images of minors and or child pornography or that cater to whose with an interest in sexually explicit images of minors and or child pornography.

5. Any and all documents, records, or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) concerning membership in online groups, clubs, or services that provide or make accessible sexually explicit images of minors and or child pornography to members.

8. Any and all records, documents, invoices and materials, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) that concern any accounts with an Internet Service Provider.

7. Any and all documents, invoices and materials, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) that concern online storage or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user

1

storage or remote computer storage, and user login and passwords for such online storage or remote computer storage

8. Any and all documents, records, or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files), pertaining to use and or ownership of

> Toshiba Laptop (SN 65530663G),
> Garmin StreetPilot c580 (SN 142034992),
> Compaq Presario CPU (SN CNH6310670), and
> a DVD labeled "wet teens"
> a grey Verizon Motorola cellular phone, model E815

9. Any and all documents, records, or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files), pertaining to the accessing, using, downloading and visiting any Internet site related to the acquisition of directions, maps, coordinates and pictures of locations associated with physical meetings with minors, including, but not limited to the Internet sites Google, Yahoo!, and Mapquest.

10. Any and all information contained in the electronic or digital memory of the grey Verizon Motorola cellular telephone model E815, including the true telephone number of said cellular telephone, stored incoming and outgoing calls, the address book, contact list, messages (including saved voicemails, text messages, e-mail and instant messages), calendar and date book, stored digital pictures and digital images, and audio and video recordings.

11. Any and all information contained in the electronic or digital memory of the Garmin StreetPilot c580 (SN 142034992), including, but not limited to any record of locations associated with 'shy-aimee' or Mika.

12. All electronic storage devices capable of storing data regarding the records listed above, including but not limited to, hard drives, CDs, DVDs, magnetic tapes and disks (floppy and hard), and the computer hardware necessary to retrieve the electronic data, including but not limited to, the central processing unit (CPU), viewing screen (monitor) and software.

13. Any and all computer software, including programs to run operating systems, applications (such as word processing, graphics, or spreadsheet programs), utilities, compilers, interpreters, and communications programs, including, but not limited to, P2P software.

2